UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROSA I. MENDEZ, | Case No. 2:19-00368-GMN-PAL |
| Plaintiff, | |
| v. | **SCREENING ORDER** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | (IFP App – ECF No. 1) |
| Defendant. | |

Plaintiff Rosa I. Mendez has submitted an Application to Proceed *In Forma Pauperis* (ECF No. 1) pursuant to 28 U.S.C. § 1915 along with a proposed Complaint (ECF No. 1-1). The Application and Complaint are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

I. *IN FORMA PAUPERIS* APPLICATION

Ms. Mendez's Application includes the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* ("IFP") will be granted. The court will now review the proposed Complaint.

II. SCREENING THE COMPLAINT

A. Legal Standards

Federal courts must screen any IFP complaint or amended complaint before allowing the case to move forward, issuing summons, and requiring an answer or responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). Courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil

Procedure[1] for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A screening under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (noting that the purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint). When a court dismisses a complaint pursuant to § 1915, a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual content that allows the court to make a reasonable inference that a defendant is liable for the claim alleged. *Teixeira v. County of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although Rule 8(a) does not require detailed factual allegations, it demands "more than labels and conclusions." *Iqbal*, 556 U.S. at 678. Merely reciting the elements of a cause of action and providing only conclusory allegations will not be enough to survive the court's review. *Id*. at 679–80.

Here, Ms. Mendez challenges a decision by the Social Security Administration ("SSA") denying her supplemental security income under Title XVI of the Social Security Act. Compl. ¶ 3. To state a valid benefits claim, a complaint must give the Commissioner fair notice of the plaintiff's claim and the grounds upon which it rests. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (a complaint must contain sufficient factual allegations "to enable the opposing party to defend itself effectively"). A plaintiff must present sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *E.g.*, 4 Soc. Sec. Law & Prac. § 56:4 (2016); 2 Soc. Sec. Disability Claims Prac. & Proc. §§ 19:92–93 (2nd ed. 2015). To do so, a complaint should state *when* and *how* a plaintiff exhausted her administrative remedies and the

---

[1] All references to a "Rule" or the "Rules in this Order refer to the Federal Rules of Civil Procedure.

nature of her disability, including the date she claims she became disabled. The complaint should also contain a short and concise statement identifying *why* the SSA's decision was wrong and showing that the plaintiff is entitled to relief. *Sabbia v. Comm'r Soc. Sec. Admin.*, 669 F. Supp. 2d 914, 918 (N.D. Ill. 2009) (social security appellants "must not treat the matter as a simple formality" by submitting "extremely perfunctory" allegations in a complaint for judicial review), *aff'd*, 433 F. App'x 462 (7th Cir. 2011); Soc. Sec. Disability Law & Pro. § 9:8 (Apr. 2018 update) ("The complaint must include a statement as to *what the Commissioner did that was wrong, and why it was wrong.*" (emphasis added)).

### B. Exhaustion of Administrative Remedies

Before a plaintiff can sue the Commissioner in federal court, she must exhaust her administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies an application for disability benefits, a claimant can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. 20 C.F.R. §§ 404.981, 416.1481.

A civil action for judicial review must be filed within 60 days after receipt of the Appeals Council's notice of a final decision. *Id.*; 42 U.S.C. § 405(g); 20 C.F.R. § 405.501. The SSA assumes that the notice of final decision will be received by mail within five days of the date on the notice unless shown otherwise. 20 C.F.R. §§ 416.1401, 422.210(c). Thus, an action commenced within 65 days is presumed timely. *Id.* If a claimant does not file a civil action within the allowed time frame, he or she loses the right to judicial review. 20 C.F.R. § 404.900(b). The civil action must be filed in the judicial district in which the claimant resides. 42 U.S.C. § 405(g).

In this case, Ms. Mendez alleges that on January 4, 2019, the Appeals Council denied the request for review and the ALJ's decision became the Commissioner's final decision. Compl. ¶ 8.

Thus, it appears she has exhausted her administrative remedies. She timely commenced this action as the Complaint was filed on March 1, 2019, and the Complaint indicates that she resides within the District of Nevada. *Id*. ¶ 1. Accordingly, Mendez has satisfied these prerequisites for judicial review.

### C. Grounds for Ms. Mendez's Appeal and the Nature of the Disability

The Complaint seeks judicial review of the Commissioner's final decision to deny benefits and asks the court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if a plaintiff has exhausted his or her administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's final decision is limited to determining whether: (1) there is substantial evidence in the record as a whole to support the Commissioner's findings; and (2) the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In the Complaint, Ms. Mendez asks the court to reverse the Commissioner's decision, or in the alternative, to remand this matter for a new hearing. *See* Compl. ¶ 9. The ALJ found Mendez to have the severe impairments of lumbar osteoarthritis, status post fusion. *Id*. ¶ 9(a). Despite her severe impairments, the ALJ determined Mendez had the residual functional capacity to perform a range of sedentary work, which included her past relevant work. *Id*. ¶ 9(b), (c). Mendez contends that the ALJ's decision is not supported by substantial evidence "because he failed to properly evaluate the medical evidence of record and Mendez's subjective complaints." *Id*. ¶ 9(d).

The Complaint presents a cursory allegation that the decision to deny Mendez benefits was wrong, but the pleading lacks a clear statement as to *what the ALJ did that was wrong*, and *why it was wrong*. *See* Soc. Sec. Disability Law & Pro. in Fed. Ct. § 9:8. Mendez merely recites general standards that govern the court's review of the ALJ's decision and several common buzz words and phrases in social security appeals (*e.g.*, medically determinable severe impairments, substantial evidence, residual functional capacity, medical evidence of record, and subjective complaints). Compl. at ¶ 9. Additionally, Mendez has not alleged when her disability commenced, instead alleging only she "is, and at all times relevant to this action, disabled as that term is defined in the Social Security Act." *Id.* ¶ 5. Rule 8's pleading standard requires more than

- 4 -

"labels and conclusions." *Iqbal*, 556 U.S. at 678. A complaint merely stating that the ALJ's decision was wrong and failing to describe the underlying reasons why or identify the date of disability onset is insufficient to satisfy Rule 8's pleading requirement because the complaint does not provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Starr*, 652 F.3d at 1216. Accordingly, the Complaint fails to state a plausible claim, and Mendez will receive leave to amend by **April 10, 2019**.

Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff Rosa I. Mendez's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. She will not be required to pay the $400 filing fee.
2. Mendez is permitted to maintain this action to conclusion without prepaying any fees or costs or giving security therefor. However, this Order granting IFP status does not extend to the issuance and/or service of subpoenas at government expense.
3. The Clerk of Court shall **FILE** the Complaint, but *SHALL NOT* issue summons.
4. The Complaint is DISMISSED WITH LEAVE TO AMEND. Mendez shall have until **April 10, 2019**, to file an amended complaint, if she believes she can correct the noted deficiencies.
5. Failure to file an amended complaint in accordance with this order may result in a recommendation to the district judge that this case be closed.

Dated this 20th day of March, 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE